COMMONWEALTH *vs.* ALVAH W. BAILEY.

Exceptions taken to a point wholly immaterial will not set aside the verdict.

THIS was an indictment under *St.* 1852, *c.* 322, § 12, alleging that the defendant was a common seller of spirituous and intoxicating liquors without authority therefor. It was tried before *Merrick,* J. in the court of common pleas, who signed the following bill of exceptions : " In the course of the trial it

---

became necessary to prove that certain witnesses called by the government were not agents appointed by any town or city in this commonwealth for the sale of spirituous liquors under section 2 of said act. No evidence was introduced of any certificate granted by the selectmen of any town, or the mayor and aldermen of any city, of such appointment, and the question was not asked the witnesses or any other person whether they were such agents or possessed such certificate? The presiding judge instructed the jury that, to show that the said persons called as witnesses for the government were not duly appointed agents for the sale of intoxicating and spirituous liquors by the selectmen of any town or the mayor and aldermen of any city in the commonwealth, it was not indispensable to produce the records of such town or city, but that it might be proved by other evidence; and that it was competent for the jury in the present case to deduce and infer that fact from the evidence before them, if in their judgment the evidence warranted such inference and deduction. And amongst other things, the presiding judge instructed the jury that in determining this question, they might take into consideration, as circumstances having some bearing upon it, the appearance of the said witnesses and the account they gave of the purposes for which they visited the defendant's house; such as their apparent youthfulness, their attendance there upon dancing parties, and their buying and drinking intoxicating liquor at the times of such attendance.

The jury found a verdict of guilty. To this ruling of the court the defendant excepted.

*J. A. Waldron,* for the defendant.

*R. Choate,* (attorney-general,) for the commonwealth.

THOMAS, J. It seems to us that the instructions, to which exceptions were taken, were upon a point wholly immaterial. The indictment charges the defendant with being a common seller of spirituous and intoxicating liquors without any license, appointment, or authority therefor. No evidence of any license or authority to sell at all was produced by the defendant, and whether the witnesses called to prove the sales were agents of the town was wholly immaterial    The fact

that they were such agents would constitute no defence to the indictment. Their authority to buy is of little moment, so long as the defendant had no authority to sell.

*Exceptions overruled.*